IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAQUEL KUHNHAUSEN AND LATOYA JENKINS,

          Plaintiffs,

  v.

ROBERT DWYER,

          Defendant.

2:06-cv-1062-GEB-DAD

ORDER[*]

Plaintiffs move to transfer venue from the Eastern District of California to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a) (2006). Defendant did not file an opposition to this motion.[1]

BACKGROUND

On May 14, 2004, Plaintiffs and Defendant were involved in a motor vehicle accident in Philadelphia, Pennsylvania. (Pl.'s Mot. at 3.) Both Plaintiffs reside in California. (Pl.'s Mot. at 3.)

---

[*] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

[1] Defendant has not appeared in this action and has not yet been served; however, Plaintiffs' counsel has been in contact with Defendant's counsel. (Status Report ¶ a.)

1

Defendant and two eyewitnesses to the accident reside in Pennsylvania. (Stawicki Decl. ¶ 3(A)-(D).) Both Plaintiffs sustained injuries as a result of this accident. (Pl.'s Mot. at 3.) Plaintiffs received medical care in Pennsylvania immediately following the accident, and then continued their medical treatment in California. (Id. at 3-4.) Plaintiff filed this action in the Eastern District of California alleging diversity subject matter jurisdiction exists because Plaintiffs and Defendant reside in different states and Plaintiffs allege damages in excess of $75,000; therefore, the Eastern District of Pennsylvania would have diversity subject matter jurisdiction as well. See 28 U.S.C. § 1332 (2006).

## DISCUSSION

Under 28 U.S.C. § 1404(a), an action may be transferred "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." This action could have been brought in the Eastern District of Pennsylvania since Plaintiffs aver that Defendant lives in Philadelphia, Pennsylvania, which is in the Eastern District of Pennsylvania. See 28 U.S.C. § 1391(c) (2006) (stating that venue is proper in any district where the defendant resides).

The purpose of section 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). Courts must engage in a "case by case consideration of convenience and fairness." Id. at 622. "When deciding whether to transfer a case under section 1404(a) a district court must weigh several factors, including: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the

1  convenience of the witnesses; and (4) the interests of justice."
2  Ready Transportation, Inc. v. AAR Manufacturing, Inc., 2006 U.S. Dist.
3  LEXIS 57202, *11 (E.D. Cal. July 28, 2006).
4       Here, it is Plaintiffs who request venue be transferred.
5  Plaintiffs aver that most of the witnesses to the accident live in
6  Pennsylvania.  (Stawicki Decl. ¶ 3(B), (C).)  The police officer who
7  responded to the scene of the accident lives in Pennsylvania.
8  (Stawicki Decl. ¶ 3(D).)  The expert witnesses and doctors who treated
9  Plaintiffs immediately following the accident live in Pennsylvania.
10 (Stawicki Decl. ¶ 3(E), (F).)  Plaintiffs received a significant
11 amount of their medical treatment in California, but Plaintiffs assert
12 that a critical issue in this litigation will be whether Defendant was
13 negligent when his car hit Plaintiffs' vehicle, and therefore, the
14 witnesses to the accident will be crucial to Plaintiffs' case.  (Pl.'s
15 Mot. at 3, 5.)
16      "The interest in having the trial of a diversity case in a
17 forum that is at home with the law that must govern the action" favors
18 transfer, Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981), and
19 Plaintiffs state the "Eastern District of Pennsylvania is . . . most
20 familiar with the state law to be applied."  (Pl.'s Mot. at 7.)

## CONCLUSION

For the stated reasons, this action is transferred to the United States District Court in the Eastern District of Pennsylvania.

IT IS SO ORDERED.

Dated:  September 14, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge